UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

    *Plaintiff*,                                    CASE NO: 13-CV-10768

*v*.                                                   DISTRICT JUDGE THOMAS LUDINGTON
                                                      MAGISTRATE JUDGE CHARLES BINDER

LEXIS NEXIS SCREENING
SOLUTIONS, INC.,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS
**(Doc. 5)**

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and that the case be dismissed.

### II.    REPORT

    **A.    Introduction**

This case was removed from the Midland County (Michigan) Circuit Court to this United States District Court on February 25, 2013. The complaint was filed in the Midland County Circuit Court on January 23, 2013. (Doc. 1 at 5.) The complaint alleges that Defendant "is disseminating information to third parties through the attached report," which "contains multiple errors, inaccuracies, erroneous information and similar defects." (*Id.* at 6.) Plaintiff alleges that "these falsehoods resulted in defamation, financial and reputational losses." (*Id.*) Defendant filed the

instant motion to dismiss on March 4, 2013. (Doc. 5.) Although Plaintiff was notified that a response to the motion was due on April 5, 2013, Plaintiff did not file a response. Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

### B. Motion Standards

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56(c). Since all of the claims are analyzed under the motion to dismiss standards, the motion will be treated as a motion to dismiss.

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right

to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

**C.     Analysis and Conclusions**

Defendant moves for dismissal on two independent, alternative grounds: (1) the instant complaint is barred by *res judicata* and (2) even if not barred, the complaint fails to state a claim upon which relief can be granted. (Doc. 5 at 6.)

The complaint in the instant case is virtually identical to a complaint filed in this United States District Court on July 2, 2012. (E.D. Mich. Case No. 12-12903, Doc. 1.)  In that case, the undersigned magistrate judge recommended dismissal, the recommendation was adopted, and the case was dismissed with prejudice on December 27, 2012. (*Id.*, Doc. 16.)

As in Plaintiff's previous case, the instant complaint is a long narrative with no citation to statutes or constitutional provisions, where the only discernible claim is for defamation.

**1.    *Res Judicata***

*Res judicata* is based on the policy that there be an end to litigation, that parties who have contested an issue be bound by the result of the litigation and the court's decision, and that matters once adjudicated shall be considered forever settled as between the parties. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 401, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981). *Res judicata* consists of issue and claim preclusion. Issue preclusion, or collateral estoppel, refers to the effect of a court's judgment foreclosing relitigation of an issue that has been litigated and decided; claim preclusion refers to the effect of a court's judgment in foreclosing further litigation of a claim that has never been actually litigated by the parties and decided by a court, but which could have been advanced and litigated by the party in the earlier lawsuit. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). In the instant case, Defendant has raised the issue preclusion form of *res judicata.* (Doc. 5 at 8.)

Issues are precluded from being relitigated under *res judicata* where: (1) a final decision was made on the merits by a court of competent jurisdiction; (2) the subsequent action involves the same parties or their privies; (3) the issue in the subsequent action was litigated or should have been litigated in the prior action; and (4) there is an identity of the causes of action. *Bragg v. Flint Bd. of Educ.,* 570 F.3d 775, 776 (6th Cir. 2009).

In the instant case, the prior decision concerned a virtual duplicate of the complaint filed in the instant case and the complaint was dismissed with prejudice. The parties were the same, the

4

issues were the same, and there is an identity between the prior case and this one. Since the district court has made a final decision on the merits in the earlier case, I suggest that *res judicata* precludes the instant action. I therefore suggest that Defendant's motion to dismiss be granted upon this ground.

**2.    Merits**

Alternatively, I suggest that Defendant's motion to dismiss should be granted because the instant complaint fails to state a claim upon which relief can be granted.

"Internet publishers are treated differently from corresponding publishers in print, television and radio." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003). The Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), "precludes courts from entertaining claims that would place a computer service provider in a publisher's role," and therefore bars "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content." *Zeron v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997); *accord Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc); *Carafano*, 339 F.3d at 1122 ("Through [section 230 of the CDA], Congress granted most internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party."); *Ben Ezra, Weinstein & Co. v. America Online, Inc.*, 206 F.3d 980, 986 (10th Cir. 2000) ("Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for exercise of its editorial and self-regulatory functions.").

Since Plaintiff's complaint charges Lexis Nexis with having published and continuing to publish false information, he attempts to hold Lexis Nexis "liable for decisions relating to the monitoring, screening, and deletion of content from its network – actions quintessentially related to a publisher's role" and "Section 230 'specifically proscribes liability' in such circumstances." *Green v. America Online (AOL)*, 318 F.3d 465, 471 (3rd Cir. 2003) (citations omitted). Therefore, Plaintiff's claim falls squarely within the scope of the immunity provided by the CDA.

The final question is whether Lexis Nexis is an entity that is entitled to invoke the immunity of the CDA against Plaintiff's claims. I suggest that it is. The CDA defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational systems." 47 U.S.C. § 230(f)(2). Lexis Nexis therefore falls within the scope of immunity granted under the CDA. *Gaston v. Facebook, Inc.,* No. 3:12-cv-0063-ST, 2012 WL 629868 (D. Or. Feb. 2, 2012) (recommending dismissal of defendants, including Lexis Nexis, based on CDA immunity).

I also note that in the instant case, as in the previous case, Plaintiff did not file any claim based upon the Fair Credit Reporting Act, 15 U.S.C. § 1681, or any other statute. The "FCRA preempts defamation and negligent reporting claims brought pursuant to state law unless the plaintiff can prove that the defendant acted with malice or with a wilful intent to injure him." *Jordan v. Equifax Info. Servs., LLC*, 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006) (citing 15 U.S.C. § 1681h(e)); *Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 910 (10th Cir. 2012) ("The FCRA leaves no room for overlapping state regulations"); *Purcell v. Bank of America*, 659 F.3d

6

622, 624 (7th Cir. 2011) (holding that FCRA preempted state law defamation and negligence claims); *Steinmetz v. General Elec. Co.*, No. 08CV1635, 2009 WL 2058792, at *5 (S.D. Cal. July 13, 2009) ("unless a plaintiff alleges a defendant acted with 'malice or wilful intent to injure,' a state law defamation claim based on credit reporting activities is expressly preempted by the FCRA"). I suggest that Plaintiff's complaint does not expressly allege, nor could it be construed as alleging, that Defendant acted with malice or a wilful intent to injure him. I therefore suggest that Plaintiff's defamation claim is preempted by the FCRA and could be dismissed on this ground as well.

Accordingly, I suggest that Defendant's motion to dismiss should be granted based on Plaintiff's failure to state a claim upon which relief can be granted.

   **D.   Conclusion**

For the reasons stated above, I suggest that Defendant's motion to dismiss (Doc, 5) be granted and that the case be dismissed.

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

7

947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                          s/ Charles E. Binder
Dated: June 6, 2013                                         CHARLES E. BINDER
                                                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Scott A. Merritt, 2014 N. Saginaw Road #305, Midland, MI 48640-6614.

Date: June 6, 2013                     By     s/Patricia T. Morris
                                              Law Clerk to Magistrate Judge Binder